**ORIGINAL FILED**

**APR 1 5 2005**

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rosa L. Pringle,  ) | C/A No. 2:04-22967-23AJ |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | **Report and Recommendation** |
| ) | |
| Charleston County School District,  ) | |
| ) | |
| Defendant(s).  ) | |
| ) | |

The plaintiff brings the instant claim pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). The plaintiff alleges that she was discriminated against due to her disability. She claims the defendant, Charleston County School District, refused to hire her based on her disability. According to the complaint, the plaintiff was hired as a substitute teacher in 1978. She further alleges that she became a full-time teacher the latter part of the 1984-85 school year. The plaintiff also claims that the "Mt. Pleasant school district refused to hire [her] during the 1985-86 school year. The plaintiff claims that the personnel director at that time told her that "all of the principals knew about my condition." *See* Complaint @ 4. Plaintiff alleges that she was subsequently hired to teach in the Jasper County school district. She also states that the principal of Garrett Academy refused to hire her because she did not have "math technology". Plaintiff alleges a computer science class she was given credit for at Texas A&M University met the math technology requirement. Plaintiff alleges she was falsely arrested in the late 1990's. She seeks eighty-eight million ($88,000,000.00) dollars in damages.

In an order entered on December 14, 2004, the plaintiff was instructed to answer the court's special interrogatories. Plaintiff answered those interrogatories and signed them on January 18, 2005. In her answers to the Court's interrogatories, the plaintiff alleges she did not file an administrative complaint with the Equal Employment Opportunity Commission (EEOC).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Title VII creates a federal cause of action for employment discrimination. Davis v. North Carolina Dep't of Corrections, 48 F.3d 124, 136-37 (4th Cir. 1995). A Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999). A federal court can assume jurisdiction over a Title VII claim only after the plaintiff has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). Davis, 48 F.3d at 136-137. These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." Id. at 137. The plaintiff's claim with the EEOC "defines the scope of [her] subsequent right to institute a civil suit." Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit.

When the state in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and "has establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under the state law before a charge may be filed with the EEOC. Davis, 48 F.3d 137 (quoting § 2000e-5(c)). South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency", the South Carolina Human Affairs

3

Commission (SCHAC), with essentially the same powers as the EEOC. Accordingly, a claimant must first file her claim with such agency. See id. (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly alleviate the need for the involvement of the federal agency or courts.* See id. at 136.

Thus, Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." Davis, 48 F.3d. at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is *essential* to initiation of a private Title VII suit in federal court." Id.

The plaintiff has stated in her answers to the Court's interrogatories that she did not file a complaint with the EEOC. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Id. at 140. Where the plaintiff has not complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title

---

* The timely filing of a verified complaint with the EEOC is another precondition to filing suit. In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

4

VII'." Id. (quoting United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)). This Court is precluded from hearing the case as the court cannot exercise jurisdiction over the plaintiff's claim.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

S/Robert S. Carr
Robert S. Carr
United States Magistrate Judge

April 15, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402